UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDI MULVANEY, ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-03509 |
| ) | |
| v. ) | |
| ) | |
| ESTATE OF GAETANO LACALAMITA, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Brandi Mulvaney ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Estate of Gaetano LaCalamita ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment and Defendant's discrimination on the basis of Plaintiff's sex in violation of Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex and sexual harassment was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Brandi Mulvaney resided in Kane County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Estate of Gaetano LaCalamita was doing business in and DuPage County whose address is 2680 Fox River Lane, Naperville, Illinois 60565.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## **BACKGROUND FACTS**

11. Plaintiff worked for Defendant as a caregiver from in or around October 2017, until her constructive discharge on or around August 17, 2023.

12. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

13. Plaintiff is female and is a member of a protected class because of her sex.

14. Since at least June 2023, until August 17, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

15. In or around June 2023, Plaintiff was a victim of sexual harassment and assault.

16. Upon informing Plaintiff's employer about the unfortunate situation, Guy LaCalamita, Plaintiff's employer's father and a fellow employee, offered for Plaintiff to temporarily reside in his home.

17. Plaintiff had initially deemed the arrangement as appropriate given the location of her job being on the LaCalamita estate.

18. In or around July 2023, Guy placed his hands down Plaintiff's pants against her will and without her consent.

19. Plaintiff immediately protested this horrific sexual assault.

20. However, Guy responded by saying "sex and money make the world go round."

21. Plaintiff was deeply disturbed and frightened by this behavior from Guy.

22. From this point forward, Plaintiff was consistently made a victim of unwanted sexual advances, harassment, and discrimination on the basis of her sex.

23. When Plaintiff adamantly rejected Guy, he became volatile.

24. Guy would use Plaintiff's rejections as an opportunity to further harass against Plaintiff through verbally berating her.

25. The conditions of Plaintiff's employment rose to a level so unbearable that no reasonable person could withstand the employment.

26. Plaintiff was exhausted by the discrimination and harassment she was subjected to on a consistent basis.

27. Ultimately, Plaintiff was left with no choice but to be constructively discharged because of her sex, (female) on August 17, 2023.

28. Plaintiff was targeted for constructive discharge because of her sex and opposing illegal activity.

29. Plaintiff suffered multiple adverse employment actions including, but not limited to, being constructively discharged.

30. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

31. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

32. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

33. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

34. Defendant knew or should have known of the harassment.

35. The sexual harassment was severe or pervasive.

36. The sexual harassment was offensive subjectively and objectively.

37. The sexual harassment was unwelcomed.

38. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

39. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II

### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

40. Plaintiff repeats and re-alleges paragraphs 1-30 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

42. Plaintiff met or exceeded performance expectations.

43. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

44. Defendant constructively discharged Plaintiff's employment on the basis of Plaintiff's sex.

45. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

46. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

47. As a direct and proximate result of the discrimination described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of April, 2024.

/s/ Alexander J. Taylor
**ALEXANDER J. TAYLOR, ESQ.**
*Counsel for Plaintiff*
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com